## LOUIS KLINGLE

*v.*

## HENRY RITTER.

LIQUIDATED DAMAGES—*construction of a lease as to when they begin to accrue.* Where a lease provided for a surrender· by the lessee of different portions of the premises at different times, and, without adverting to such provision, contained a covenant that the lessee should pay fifty dollars per day, as stipulated damages, for every day he should hold over after the termination of his lease, it was *held,* that, as the provision as to damages was highly penal, and the lease admitted of two constructions as to the time when they would begin to accrue, they would not be considered as commencing until the time when the entire premises were to be surrendered.

APPEAL from the Circuit Court of Madison county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

The opinion states the case.

Mr. G. B. BURNETT, for the appellant.

Messrs. GILLESPIE & SPRINGER, for the appellee.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

Philip Ritter rented of the plaintiff, Louis Klingle, lot 49, in the town of Edwardsville, described in the lease as "having the brewery, residence, stable, etc., thereon," for four months from the first of March, 1867, at a rental of fifty dollars per month. The lease further provided that the lessee should have the use of the beer-cave, ice-cellar and stable, until the first day of October, with necessary use of the engine and boiler, and inside apartment for the washing of kegs until the beer should be sold, which was not to be later than the middle of September. The lessee covenanted to pay fifty dollars

per day as stipulated damages for every day he should hold over after the termination of his lease, and Henry Ritter, became security that he should duly perform his covenants. This suit is brought against Henry Ritter to recover, at the rate of fifty dollars per day, for eighty-seven days, during which, as averred in the declaration, the lessee held over. The circuit court sustained a demurrer to the declaration.

In this, we are of opinion, the court committed no error. The agreement is susceptible of two constructions. The lessee was to surrender a portion of the leased premises on the first day of July, and the residue on the first of October. The lease provides for the payment of damages in case the lessee should hold over, without adverting to the fact that his right of occupancy would expire at different dates as to different portions of the premises. One construction is, that the damages were to begin to accrue, in case of a default, on the first of July; the other, that they would not commence until October, when the entire premises were to be surrendered. The provision as to the damages is highly penal in its character, so much so, indeed, as to seem unconscionable, and we think the circuit court did properly in adopting the latter construction of the instrument. The other construction would be harsh and oppressive in the last degree, and courts must be very reluctant to adopt it, if the language of the parties will bear any other interpretation.

*Judgment affirmed.*